# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02142-RMR-GPG

GREGORY J. SHUGARS, an individual, and
GAYLE A. SHUGARS, an individual,

    Plaintiffs,

v.

JOHN GLISMANN, M.D., an individual,
DAWN KOPF, P.A., an individual, and
ASPEN VALLEY HOSPITAL DISTRICT d/b/a ASPEN VALLEY HOSPITAL, a Nonprofit Corporation,

    Defendants.

_____

## DEFENDANTS ASPEN VALLEY HOSPITAL DISTRICT AND DAWN KOPF, PA'S STATEMENT OF ATTORNEY FEES AS ORDERED BY ECF 227
_____

Comes now, Defendants Aspen Valley Hospital District and Dawn Kopf, P.A. respectfully submit this Statement of Attorney Fees as ordered by the court on September 17, 2024 (ECF 227).

1.    On September 17, 2024, this Court addressed Plaintiffs' late and untimely request to permit the presentation of testimony from Roderick Bollinger, FNP, by deposition. The Court permitted the testimony but ordered as follows:

> The Court in its discretion hereby SANCTIONS Plaintiffs' counsel the attorney's fees and costs associated with Defendants having to address Plaintiffs motions related to Bollinger's testimony and preparing the counter designations and objections to the late designations. Defendants are ORDERED to file its statement of its attorneys' fees and costs within ten (10) days of this order.

2. As this Court has ordered sanctions, the remaining issue is the reasonableness of the submitted fees. "[T]he proper starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *American Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 386 (Colo. 1994). This is the "'lodestar' amount," which "carries with it a strong presumption of reasonableness." *Spensieri v. Farmers Alliance Mut. Ins. Co.*, 804 P.2d 268, 271 (Colo. App 1990). Ultimately, the "[d]etermination of the amount and reasonableness of attorney fees is within the district court's discretion." *Mahajan v. Boxcar Holdings*, LLC, No. 18-cv-00533-CMA-SKC, 2019 U.S. Dist. LEXIS 68661, 2019 WL 1777493, at *2 (D. Colo. Apr. 23, 2019) (*citing Wright v. W-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986)).

3. Any determination of reasonable attorneys' fees starts with a calculation of the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

4. A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir.2002); *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir.1996). The rate requested for each timekeeper needs to be "in line with those

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 895 n. 11.  The following are the reasonable hourly rates applicable to the lawyers and paralegal involved with the above captioned matter:

| Name | Years of Experience | Standard Hourly Rate | Adjusted Rate for Aspen Valley Hospital |
|---|---|---|---|
| Aaron Bradford, Esq. | 25 | $700 | $300 |
| Stephen Segall, Esq. | 9 | $500 | $250 |
| Vonda Westlake, Paralegal | 5 | $250 | $120 |

5. Sheridan Ross has provided Aspen Valley Hospital with a discounted rate from its standard rates.  This discount is a by product of the fact that this case is over 5 years old.  Courts in this district have affirmed that the rates charged by Sheridan Ross are reasonable, if not under market, given the complexities and contentiousness of this case. *First Mercury Ins. Co. v. Wonderland Homes*, 119-cv-0915-JLK-SKC, 2021 WL 3089155, at *1 (D. Colo. July 22, 2021) (finding rates ranging from $365 to $700 reasonable); *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.*, 17-cv-0304-WJM-NRN, 2021 WL 2981970, at *3 (D. Colo. July 15, 2021) (finding rates ranging from $365 to $895 for attorneys reasonable); *BIAX Corp. v. NVIDIA Corp.,* No. 09-cv-01257- PAB-MEH, 2013 U.S. Dist. LEXIS 113318, 2013 WL 4051908, at *5-6 (D. Colo. Aug. 12, 2013) rev'd on other grounds 626 F. App'x 968 (Fed. Cir. 2015 (approved rates in 2013 of up to $748 for partners, $531.25 for associates and $212.50 for paralegals); *L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.,* No. 10-cv-02868, 2015 U.S. Dist. LEXIS

31082, 2015 WL 1218067, at *2-6 (D. Colo. Mar. 12, 2015) (recognizing that Colorado courts have approved of legal rates as high as $700 per hour and approving $695 per hour for lead counsel).

6.   Next, the court should consider whether the number of hours committed to an issue was reasonable.  As this the 10th Circuit stated in *Titan*, "Plaintiff can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it." *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (*quoting Browder v. City of Moab,* 427 F.3d 717, 723 (10th Cir. 2005)).  "[C]laims are related if they 'involve a common core of facts or will be based on related legal theories.'" *Browder,* 427 F.3d at 723 n.10 (*quoting Hensley,* 461 U.S. at 435); *see also Rocky Mountain Festivals, Inc. v. Parsons Corp.,* 242 P.3d 1067, 1073 (Colo. 2010). In general, the Court may make a "discretionary determination . . . of how many hours, in its experience, should have been expended on the specific case, given the maneuverings of each side and the complexity of the facts, law, and litigation." *Titan*, 2023 WL 7135306, at *9 (*citing Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1250 (10th Cir. 1998)).

7.   Sheridan Ross does require that its attorneys and paralegals track their time on a daily basis, and by task.  Based upon a review of the billing entries for Mr. Bradford, Mr. Segall and Ms. Westlake, these defendants incurred the following fees associated with Plaintiff's late attempt to present Mr. Bollinger by deposition:

| Task | Date | Time | Lodestar | Fee | Person |
|---|---|---|---|---|---|
| Prepare and file Motion to Strike Deposition to Strike Designation of Deposition Testimony (ECF 206) | 9/5/2024 | 3 | $1500 | $750 | Stephen Segall |

| Task | Date | Hours | | | Attorney |
|---|---|---|---|---|---|
| Prepare and file Brief in Opposition to Motion for Leave to Issue Subpoena to Roderick Bollinger (ECF 214) | 9/8/2024 | 2 | $1000 | $500 | Stephen Segall |
| Review Deposition Designations of Roderick Bollinger; review full 160-page deposition of Roderick Bollinger; document objections; document counter-designations; meet and confer with Mr. Leventhal regarding designations vs. stipulated facts; provide edits to the Designation of Roderick Bollinger in accordance with the Court's practice standards and orders. | 9/152024-9/17/2024 | 6 | $4200 | $1800 | Aaron Bradford |
| Apply highlights to the joint transcript of Mr. Roderick Bollinger in accordance with the court's practice standards. | 9/16/2024 | 2 | $500 | $240 | Vonda Westlake |
| | | TOTAL | $7200 | $3290 | |

8. Given the complexity of this case, and its contentious nature, the lodestar for the tasks at issue is $7200. Defendants respectfully request that the Court enter Sanctions in an amount between $3290 and $7200.

9. The undersigned counsel, Aaron P. Bradford, affirms that the rates and time identified in this Statement are accurate, reasonable and incurred in the defense of the issues surrounding Mr. Bollinger. In lieu of issuing an invoice for September and redacting all entries other than those related to this issue, the undersigned affirms that

the descriptions, rate, date and time reflect those that appear in the invoice for the month of September.

Dated:  September 27, 2024

                          Respectfully submitted,

                          *s/ Aaron P. Bradford*
                          Aaron P. Bradford
                          Stephen J. Segall
                          Briana D. Long
                          Sheridan Ross P.C.
                          1560 Broadway, Suite 1200
                          Denver, CO 80202-5141
                          Phone: (303) 869-5141
                          Facsimile: (303)-863-0223
                          abradford@sheridanross.com
                          ssegall@sheridanross.com
                          blong@sheridanross.com

                          *Attorneys for Defendants Dawn Kopf, P.A. and Aspen Valley Hospital District*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 27, 2024, I electronically filed a true and exact copy of the above with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jim Leventhal
Julia T. Thompson
Curtiss S. Schreiber
Levanthal Puga Braley P.C.
950 South Cherry Street,
Suite 600
Denver, Colorado 80246
jim@leventhal-law.com
jthompson@leventhal-law.com
cschreiber@leventhal-law.com

*Attorneys for Plaintiffs*

Amy Cook Olson
Angela Lund Klein
Klein Cook Olson, LLC
2130 Resort Drive Unit E
Steamboat Springs, CO 80487
acookolson@kco-law.com
aklein@kco-law.com

*Counsel for Defendant
John Glismann, M.D.*

*s/ Aaron P. Bradford*
Aaron P. Bradford